**Christina HAMBLIN, Plaintiff— Appellant,**

v.

**SOCIAL SECURITY ADMINISTRATION, Defendant— Appellee.**

No. 03–35590.

D.C. No. CV–02–00754–AJB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 9, 2004.

Decided Jan. 24, 2005.

275

Affirmed in part and reversed and re-
manded in part.

Alan Stuart Graf, Law Office of Alan
Stuart Graf, Portland, OR, for Plaintiff–
Appellant.

Craig J. Casey, Office of the U.S. Attor-
ney Mark O. Hatfield, Portland, OR, Carol
A. Hoch, Office of the General Counsel,
Seattle, WA, for Defendant–Appellee.

Before T.G. NELSON, RAWLINSON,
Circuit Judges, and SCHWARZER,* District Judge.

MEMORANDUM**

Christina M. Hamblin appeals the dis-
trict court's affirmance of the Social Secu-
rity Administration Commissioner's denial
of her claim for Supplemental Security
Income under the Social Security Act.[1] We
have jurisdiction under 28 U.S.C. § 1291.
We affirm in part, and reverse and remand
in part for further proceedings. Because

---

* The Honorable William W Schwarzer, Senior
United States District Judge for the Northern
District of California, sitting by designation.

** This disposition is not appropriate for publi-
cation and may not be cited to or by the

courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

1. 42 U.S.C. § 1381.

the parties are familiar with the facts, we do not recount them here.

■ The ALJ properly discounted Hamblin's testimony regarding pain in her arms and hands.[2] The inconsistencies between Hamblin's testimony regarding pain and her testimony regarding use of a keyboard and performance of daily activities were sufficient reasons on their own to discount her pain testimony.[3]

■ The ALJ properly characterized the opinion of Dr. Calkins, Hamblin's examining psychologist, who opined that, with medication and therapy, Hamblin could return to work within the year despite her psychiatric symptoms. Dr. Calkins' opinion did not establish that Hamblin was disabled.[4] Although the ALJ did not have Dr. Calkins' Rating of Impairment Severity Report before him, the ALJ had equivalent information before him. The ALJ's assessment of Hamblin's residual functional capacity adequately accounted for her concentration deficits. Thus,

remand for further consideration of the additional report would not be useful.[5]

■ The ALJ did not properly consider the testimony of Dr. Lee, Hamblin's treating physician, when he stated that a restriction to a range of light work was consistent with Dr. Lee's opinion.[6] Dr. Lee's Physical Residual Function Capacity Report indicated that Hamblin had no established manipulative limitations, but also indicated that Hamblin had the ability to reach only occasionally in all directions without experiencing severe pain or fatigue. This apparent inconsistency in the report rendered Dr. Lee's opinion ambiguous. The ambiguity triggered the ALJ's duty to conduct an appropriate inquiry and develop the record fully and fairly.[7] Accordingly, we remand to permit the ALJ to clarify Dr. Lee's report.

On remand, if the ALJ determines that Hamblin did have a limitation of occasional reaching in all directions, the ALJ must then include such a limitation in a hypothetical to the vocational expert.[8] The de-

2. The ALJ had to provide clear and convincing reasons and make specific findings to reject Hamblin's testimony of arm pain because her diagnoses of right shoulder and elbow tendinitis constituted objective medical evidence of impairments that could reasonably be expected to produce arm pain. *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996); *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir.1993). The ALJ had to make specific findings to reject Hamblin's testimony of hand pain because there was no objective medical evidence of an impairment that could reasonably be expected to produce hand pain. *Dodrill*, 12 F.3d at 917.

3. *See Reddick v. Chater*, 157 F.3d 715, 720–21 (9th Cir.1998) ("If the evidence can reasonably support either affirming or reversing the [ALJ's] conclusion, the court may not substitute its judgment for that of the [ALJ].").

4. *See* 42 U.S.C. § 1382c(a)(3)(A) (providing that a claimant is not considered disabled unless she cannot work because of an impair-

ment that is expected to last at least twelve months).

5. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir.2004).

6. The ALJ had to provide clear and convincing reasons to reject a treating physician's uncontradicted opinion, and specific and legitimate reasons supported by substantial evidence to reject a treating physician's contradicted opinion. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.1995). "Light work" refers to exertional limitations, while difficulty in reaching is a nonexertional manipulative limitation. *See* 20 C.F.R. § 416.969a(a), (c)(vi).

7. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir.2001); *Smolen*, 80 F.3d at 1288.

8. *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir.1988) (stating that hypothetical questions to a vocational expert must set out all of a claimant's limitations and restrictions).

termination of whether Hamblin was disabled would then turn on whether any jobs were available to her, given the additional limitation. If the ALJ determines that Hamblin did not have a limitation of occasional reaching in all directions, the ALJ could rely on the vocational expert's existing testimony and conclude that Hamblin was not disabled. AFFIRMED in part; REVERSED and REMANDED in part to the district court with instructions to remand to the ALJ for further proceedings. No costs allowed.